---

## UNITED STATES *v.* CLARK.[1]

*(Circuit Court, E. D. New York.* June 12, 1884.)

SUPERVISORS OF ELECTION — DUTIES UNDER REV. ST. §§ 2018, 2019 — RIGHT TO SCRUTINIZE BALLOTS.

Under section 2018 of the Revised Statutes, which provides that the supervisors of election must "personally scrutinize, count, and canvass each ballot," a supervisor has the right to have each ballot in his hands for such reasonable time as may be necessary for him to scrutinize it with care.

Conviction under Rev. St. § 5522. Motion for new trial.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

*A. W. Tenney*, U. S. Dist. Atty., for the United States.

*Anthony Barrett*, for defendant.

BENEDICT, J. The accused was charged, under section 5522 of the Revised Statutes of the United States, with obstructing, hindering, and interfering with Charles C. Wessel, a United States supervisor of elections, in the performance of his duties at an election held November 7, 1882, in the Twenty-first ward of the city of Brooklyn, at which election a representative of congress of the United States for the Third congressional district for the state of New York was voted for. A verdict of guilty having been rendered, the accused now moves for a new trial upon the ground that the acts proved to have been done by him do not constitute an offense against the laws of the United States. There is no dispute respecting the facts. At the election referred to the defendant was chairman of the board of canvassers, appointed pursuant to the laws of the state of New York to canvass and count the vote at the election referred to. Charles C. Wessel was a supervisor for said election, duly appointed pursuant to the laws of the United States. At the close of the polls, the board of canvassers, upon receiving from the board of inspectors of election the ballot-boxes containing the ballots cast at such election, proceeded to count the ballots, as required by the law of the state. In the course of the canvass a question arose between the chairman of the board of canvassers and the United States supervisors respecting the authority of the United States supervisors to have the ballots passed to them for the purpose of being counted by them. The United States supervisors claimed the right to take each ballot in their hands for the purpose of canvassing, scrutinizing, and counting the same before it was returned to the box. The chairman of the board of canvassers claimed that the right of the United States supervisors was limited to watching the state canvassers, and to scrutinizing the ballots while being counted by the state canvasser, and insisted that the United States supervisors had no right to take the ballots in their hands. What was done thereafter by the accused, as proved on the trial, is conceded to constitute an offense against the laws of the United States, provided the United States supervisors had the right which they claimed, viz., to be permitted to take in their hands each ballot in the box of ballots cast for representative in congress, for the purpose of canvassing, scrutinizing, and counting the same. Whether the law of the United States confers such a right is the only question presented for determination on this occasion. The duties of a supervisor of election prescribed in section 2018 of the Revised Statutes are as follows:

"To the end that each candidate for the office of representative or delegate in congress may obtain the benefit of every vote for him cast, the supervisors of election are, and each of them is, required to personally scrutinize, count, and canvass each ballot in their election district or voting precinct cast, whatever may be the indorsement on the ballot, or in whatever box it may have been placed or be found."

By section 2019, the supervisors of election are required, at the closing of the polls, "to place themselves in such position, in relation to the ballot-boxes, for the purpose of engaging in the work of canvassing the ballots, as will enable them to fully perform the duties in respect to such canvass provided herein, and shall there remain until every duty in respect to such canvass, certificates, returns, and statements has been wholly completed."

It will be observed that the statute requires the supervisor of election to "engage in the work of canvassing the ballots," and to "personally scrutinize, count, and canvass each ballot." This language, by necessary implication, authorizes the supervisor to do all acts necessary to enable him to perform the duties imposed. The ballots cast may differ in form and in quality of paper, as well as in the matter written or printed upon them. Clearly it would be impracticable, if not impossible, for the supervisor to scrutinize, canvass, and count each ballot, unless he be permitted to have the ballot in his hands for such reasonable time as may be necessary for him to scrutinize it with care. The duty imposed upon the supervisor is to personally scrutinize, count, and canvass each ballot. He cannot be confined to the act of watching the state canvassers while they canvass and count the ballots. He has, therefore, by the statute, a right to take each ballot in his hand for the purpose of canvassing the same before it is returned to the box. Confirmation of this construction of the statute is found in the statute of the state, which furnishes the authority by which the state canvassers take each ballot in their hands. The words of the state statute, from which the state canvassers derive their authority, are these: "shall canvass and count the votes." Act of May 7, 1872, as amended in 1873 and 1874, § 13; Laws N. Y. 1872, *c.* 575; Laws N. Y. 1873, *c.* 365; Laws N. Y. 1874, *c.* 633. By virtue of this language, the state canvassers exercise the right to take each ballot in their hands. The words used in the United States statute are, "personally scrutinize, count, and canvass each ballot." If the words used in the state statute confer upon the state canvassers the right to take up each ballot, the words used in the United States statute must be considered to confer the same right upon the United States supervisor.

I entertain no doubt, therefore, that the accused was properly convicted, and I am permitted to say that Mr. Justice BLATCHFORD, to whom this opinion has been shown, concurs with me in this conclusion. The motion for new trial is, accordingly, denied.